UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| Mohammed Q. Khan and | | |
| Samina Khan, | : | Case No. 18-bk-00668-RNO |
|     Debtors | | |
| | : | |
| Mohammed Q. Khan and | : | Debtors' Brief in Support of |
| Samina Khan, | | Objections to Postpetition Mortgage |
|     Movants | : | Fees, Expenses and Charges |
| v. | : | |
| U.S. Bank Trust, N.A., as | : | |
| Owner Trustee for Carisbrook Asset | | |
| Holding Trust, | : | |
|     Respondent | | |
| | : | |

**DEBTORS' BRIEF IN SUPPORT OF THEIR OBJECTIONS TO POSTPETITION MORTGAGE FEES, EXPENSES AND CHARGES**

I. <u>STATEMENT OF CASE</u>

    A.    <u>Procedural Background of Bankruptcy Case</u>

On February 21, 2018, Debtors, Mohammed Q. Khan and Samina Khan, husband and wife, filed their Petition for Relief under Chapter 13 of the Bankruptcy Code. The principal reason for the filing of the bankruptcy was to stop a Sheriff's Sale of their home which was scheduled for the following day. On April 9, 2018, Debtors appeared for their Meeting of Creditors and on July 19, 2018, Debtors' First Amended Chapter 13 Plan was confirmed by the Court.

Furthermore, on April 2, 2018, Respondent, U.S. Bank Trust, N.A., filed a Notice of

Postpetition Mortgage Fees, Expenses and Charges under Rule 3002.1 and Debtors did not object to same. However, on May 14, 2018, Respondent filed a second Notice of Postpetition Mortgage Fees, Expenses and Charges. The Notice set forth the following postpetition amounts:

> "3.   Attorney Fees        04-02-18@$100.00(Notice)
>                            03-30-18@$350.00(Proof of Claim)
>                            03-28-18@$250.00(PoC Fee)
>                            04-12-18@$500.00(file objection)      (3) $1200.00"

Furthermore, on June 21, 2018, Respondent filed a third Notice of Postpetition Mortgage Fees, Expenses and Charges in which the following amounts were set forth as claimed expenses of Debtors' mortgage account:

> "3.   Attorney Fees        5-14-18(Attorney fees) Prepare and file
>                            Notice of Postpetition Mortgage Fees,
>                            Expenses, and Charges                 (3) $100.00
>
> . . .
>
> 11.  Other: Specify: __ Title fee __ 02-05-18@$125.00 (title fee)    (11) $125.00"

In response to the Respondent's filing of the above described Notices, Debtors, on June 14, 2018, filed an Objection to the attorney fees in connection with the Notice filed by Respondent on May 14, 2018 and on July 6, 2018, filed an Objection to the attorney fees in connection with the Notice filed by Respondent on June 21, 2018.

In response to Debtors' Objections, on October 18, 2018, Respondent filed Answers to both of Debtors' Objections to the Notices. On October 23, 2018, the hearing in this matter was called and, after brief argument, continued to December 18, 2018. The Court also issued an Order establishing a briefing schedule. This brief has been filed in support of Debtors' Objections to Respondent's Notices of Postpetition Mortgage Fees, Expenses and Charges.

B. <u>Procedural Background of Mortgage Foreclosure Case</u>

Debtors, Mohammed Khan and Samina Khan, husband and wife, executed their mortgage in connection with their residence on January 22, 2009. The principal amount of the mortgage at that time was $155,106.00. At the time Debtors filed their bankruptcy, on February 21, 2018, the principal amount of their mortgage was $135,187.67. Furthermore, Paragraph 18 of Debtors' mortgage provides as follows:

> "18. Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, Lender may initiate foreclosure by judicial proceedings and/or invoke any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including but not limited to, reasonable attorney's fees and costs of title evidence to the extent permitted by applicable law."

In addition, the value of Debtors' residence at the time of the filing of the bankruptcy was $103,500.00. The original mortgagee, A Great Mortgage Company, was a residential mortgage lender and provided this loan to Debtors for the purchase of their primary residence. Since the original mortgage transaction, the mortgage has been sold, transferred and/or assigned to several different residential mortgage lenders and eventually the mortgage was acquired by the Respondent in this matter, U.S. Bank Trust, N.A.

More recently, Debtors fell behind with the payments due in connection with their mortgage. As a result, Debtors received a Notice of Intent to Foreclose. Thereafter, the 30 day notice period provided for in Act 6 also, expired. Then, on August 18, 2017, a Judgment in Mortgage Foreclosure was entered in the Court of Common Pleas of Monroe County, Pennsylvania (Docket No. 449 Civil 2016). Debtors' home was then scheduled for Sheriff's Sale. The Sheriff's Sale was to be held on February 22, 2018. As a result, Debtors filed their Petition for Relief under Chapter 13 of the Bankruptcy Code on February 21, 2018, in order to stay the Sheriff's Sale of their home.

## II. STATEMENT OF QUESTION PRESENTED

Does Pennsylvania's Act 6 preclude the charging of attorney fees in a bankruptcy proceeding that has been filed after the filing of a foreclosure action against Debtor?

Suggested Answer: Yes

## III. ARGUMENT

The Loan Interest and Protection Law, 41 P.S. § 101 et seq., which is commonly known and referred to as Act 6, is one of several consumer protection laws which was passed in order to protect consumer borrowers in various credit transactions. Act 6 was designed to protect consumers in residential mortgage settings.

Section 406 of Pennsylvania's Act 6 provides that:

"With regard to residential mortgages, no residential mortgage lender shall contract for or receive attorney's fees from a residential mortgage debtor except as follows:

(1) Reasonable fees for services included in actual settlement costs.

(2) Upon commencement of foreclosure or other legal action with respect to a residential mortgage, attorney's fees which are reasonable and actually incurred by the residential mortgage lender may be charged to the residential mortgage debtor.

(3) Prior to commencement of foreclosure or other legal action attorney's fees which are reasonable and actually incurred not in excess of fifty dollars ($50) provided that no attorney's fees may be charged for legal expenses incurred prior to or during the thirty-day notice period provided in section 403 of this act." Loan Interest and Protection Law. Act 6. 41 P.S. § 406.

The language of Act 6 is clear, precise and direct. It provides for three well defined time periods in which attorney's fees can be charged to the mortgage debtor. Time Period One, as set forth in Section 406(1), covers that period of time in which a Debtor enters into a loan with a residential mortgage lender and the Debtor executes a promissory note and mortgage at settlement or closing. This process typically takes place upon the purchase of a home but, can also take place upon the refinancing of a residential mortgage.

Time Period Two is described by Section 406(3) of Act 6. This is the time period that occurs prior to the filing of a mortgage foreclosure action or any other legal action which is similar to a mortgage foreclosure action, in which attorney fees may be incurred by the lender. Act 6 places very stringent guidelines upon lenders regarding the amount and extent that they can pass on to the residential mortgage debtor, the lender's attorney fees. Please see In re Stanley, 5-17-bk-00884-JJT; In re Schwartz, 68 B.R. 376 (E.D. Pa. 1986); In re Graboyes, 223 Fed. Appx. 112, 117 (3d Cir 2007).

Time Period Three is the time period which is described in Section 406(2) of Act 6. This time period begins upon the filing of the mortgage foreclosure action or other similar legal proceeding to foreclose upon Debtor's home. This period of time covers the entire mortgage foreclosure process and ends upon the completion of the mortgage foreclosure process. A careful reading of Section 406(2) of Act 6 reveals that there are not any attorney fee provisions for attorney fees in bankruptcy proceedings. Section 406(2) of Act 6 is clearly designed and meant to limit attorney fees to reasonable fees, actually incurred, during the mortgage foreclosure process. The central purpose behind Act 6 was to control and limit what residential lenders could charge residential mortgage Debtors. Consequently, if attorney fees are incurred by a lender and they do not fit within those three well defined periods of time, then the

residential mortgage lender can not shift those costs on to the residential mortgage Debtor.  To interpret Act 6 in any other way leads to a reading that is contrary to the clear meaning of the Act.  It is clear that Act 6 is a consumer protection statute and is meant to broadly protect residential mortgage Debtors.

For example, in In re Olick, 221 B.R. 146 (Bankr. E.D. PA 1998), the United States Bankruptcy Court for the Eastern District of Pennsylvania considered a case in which the lender had confessed judgment in connection with the residential promissory note.  Several years, thereafter, Debtors filed a bankruptcy case under Chapter 13 of the Bankruptcy Code.  The lender attempted to include attorney fees that were incurred prior to the filing of the bankruptcy but, had been incurred as a result of the action in confession of judgment.  After a lengthy analysis which included the impact of 11 USC Section 506 upon the claim, the Court reviewed the impact of

Act 6 upon the claim and concluded that "legal fees incurred for pursuing collection activities against the Debtors in Bankruptcy Court are not allowable because the collection of such fees is contrary to Act 6."  The Court in In re Olick referred to the opinion in In re Smith, 76 B.R. at 426. As the Court noted, in In re Olick, "pursuant to Judge Fox's decision in In re Smith, 76 B.R. at 426, Act 6 does not permit the collection of attorney's fees for litigation in bankruptcy court. Act 6 permits collection of attorney's fees upon commencement of foreclosure or other legal action with respect to a residential mortgage." In re Olick, 221 B.R. 146 (Bankr. E.D. Pa. 1986); In re Smith, 76 B.R. at 426.  As noted by the Court, in In re Smith and echoed by the Court in In re Olick, "bankruptcy litigation was not encompassed within the term "other legal action" as used in Act 6.  Once again, referencing Judge Fox's decision in In re Smith, the Court in In re Olick, stated that "we agree that Act 6 prevents the collection of attorney's fees in bankruptcy court litigation... we hold the [the lender] may not collect attorney fees for services performed in relation to the Debtors' current or prior bankruptcy proceeding." In re Smith, 76

B.R. 426 (Bankr. E.D. Pa. 1987) was decided prior to In re Olick and the Court concluded that Section 406(2) of Act 6 is the controlling provision to consider when determining whether attorney fees are appropriate and concluded that there was insufficient language in the mortgage contract to shift the postpetition legal expenses to the Debtors. In re Smith, 76 B.R. 426 (Bankr. E.D. Pa. 1987) See Also, In re Nickleberry, 76 B.R. 413, 424-25 (Bankr. E.D. PA 1987). Consequently, the Court in In re Smith, sustained Debtors's objection to the postpetition attorney fees. In In re Vitelli, 93 B.R. 889 (Bankr. E.D. Pa. 1989), the Debtor objected to the attorney fee claim in the proof of claim related to the bankruptcy action. The court indicated that the "parties agree that our Nickleberry Opinion 76 B.R. at 423-26, establishes that under the instant facts, attorney fees cannot be awarded to the mortgagee on account of performance of post-petition services by its counsel in this bankruptcy court." Then the Court, quoting its previous decision in In re Tashjian, 72 B.R. 968, 975 and In re Nickleberry, 76 B.R. at 424: stated that "only extraordinary situations, such as where legally unjustifiable conduct of a party or counsel for a party is established, or where the debtor requests some extraordinary dispensation, would we grant attorneys fees to counsel for the opposing party for his services in bankruptcy court. A contrary result would be inconsistent with not only the 'American Rule,' as we indicated in [*In re*] *United Nesco* [*Container Corp.*, 68 B.R. 970 (Bankr.E.D. Pa.1987)], but our frequently-reiterated view that we will allow attorney fees and costs only where the Code specifically allows same." Furthermore, in In re Graboyes, 223 Fed. Appx. 112, 117 (3d Cir. 2007), the Court considered a case in which no mortgage foreclosure action had been filed but, the lender attempted to collect attorney fees as a result of its filed proof of claim. The Court noted that Act 6 "is one of a series of recent consumer protection statutes that are to be liberally construed in favor of the homeowner." See *In re Schwartz*, 68 B.R. 376, 379 (E.D. Pa. 1986). The Court then concluded that even though a mortgage foreclosure action had not been filed, the provision in Section 406 (2) of Act 6, that refers to "other legal action," refers to actions by lenders "to

enforce a mortgage obligation in the manner of a foreclosure action, and not to a matter filed to attempt to advance the mortgagee's position in bankruptcy court." In re Graboyes, quoting the Court in In re Vitelli 93 B.R. 889 (E.D. Pa. 1988). Consequently, the Court disallowed the lender's attorney fees that were incurred in the bankruptcy matter.

In the present case, Debtors, Mohammed Khan and Samina Khan, executed their mortgage in connection with their residence on January 22, 2009. The principal amount of the mortgage at that time was $155,106.00. At the time Debtors filed their bankruptcy, on February 21, 2018, the principal amount of their mortgage was $135,187.67. These amounts are far below the ceiling of $217,873.00, set forth in an Act 6, in order for the mortgage to fall within the purview and protections of the Act. The original mortgagee, A Great Mortgage Company, was a residential mortgage lender and provided this loan to Debtors for the purchase of their residence. As such, Debtors fall squarely within the definitions set forth in 41 P.S. § 101, as amended, and Debtors, as such, have an "Act 6 Mortgage."

As residential mortgage Debtors with an Act 6 mortgage, the Debtors in this case are entitled to the protections afforded by Act 6, including the strict limits on when they can be assessed or charged with attorney fees that have been incurred by the lender. In this case, of the three time periods described above, none fits within the period of time described by Debtors' bankruptcy. The bankruptcy process can not be defined as either the settlement process (Time Period One), the time period prior to the filing of the mortgage foreclosure action (Time Period Two) or the mortgage foreclosure process (Time Period Three), as such the attorney fees which Respondent has attempted to assess against Debtors are prohibited by Act 6. Furthermore, even if the Court concluded that Section 406(2) of Act 6 should be applied in this case, it is clear that under case law, the language in Debtors' mortgage does not permit attorney fees in the bankruptcy case.

IV. CONCLUSION

In light of all of the above, Debtors respectfully request that this Honorable Court sustain Debtors' Objections to the Respondent's attorney fees which are set forth in Respondent's Notices of Postpetition Mortgage Fees, Expenses and Charges which were filed on May 14, 2018 and June 21, 2018, respectively.

Dated:  11/06/18 /s/Philip W. Stock
Philip W. Stock
Attorney for Debtors/Movants
Attorney's ID #53203
706 Monroe Street
Stroudsburg, PA 18360
(570) 420-0500